WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Applicant

## E-filing

### UNITED STATES DISTRICT COURT FOR

### THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ABERCROMBIE & FITCH STORES, INC. dba HOLLISTER, HOLLISTER CO. CALIFORNIA, LLC<br><br>    Defendants. | Case No.:<br><br>**CV 11 3162**<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

DMR

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Umme-Hani Khan who was adversely affected by such practices. Ms. Khan is Muslim. As alleged below, Abercrombie & Fitch Stores, Inc. dba Hollister (hereinafter "Abercrombie & Fitch") and Hollister Co. California LLC (hereinafter "Hollister") unlawfully discriminated against Ms. Khan by failing to accommodate her sincerely held

religious belief and practice of wearing a hijab (head scarf) and by firing her because of her

religion, Islam.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and

1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being committed

within the County of San Mateo in the State of California which is within the jurisdiction of the

United States District Court for the Northern District of California. Venue is therefore proper in

the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3.      This action is appropriate for assignment to the San Francisco Division of this Court as

the alleged unlawful practices were and are now being committed in San Mateo County, which is

within the jurisdiction of the San Francisco Division.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"),

is the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title VII and is expressly authorized to bring this action by sections 706(f)(1)

and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5.      At all relevant times, Defendant Abercrombie & Fitch has been and is now an Ohio

limited liability corporation doing business in the State of California and the City of San Mateo

and has continuously had at least fifteen employees.

6.    At all relevant times, Defendant Abercrombie & Fitch has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

7.    At all relevant times, Defendant Hollister has been and is now a California limited liability corporation doing business in the State of California and the City of San Mateo and has continuously had at least fifteen employees.

8.    At all relevant times, Defendant Hollister has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

9.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10.    More than thirty days prior to the institution of this lawsuit, Umme-Hani Khan filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants. The Commission has issued a Letter of Determination finding reasonable cause to believe that Defendants Abercrombie & Fitch and Hollister collectively discriminated against Umme-Hani

Khan because of her religion and therefore violated Title VII.  Prior to instituting this lawsuit, the
Commission attempted to eliminate the unlawful employment practices alleged herein and to
effect voluntary compliance with Title VII through informal methods of conciliation, conference
and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §§2000e-5(b) and
2000e-6. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Since at least February 2010, Defendants have engaged in unlawful employment
practices at their San Mateo California location in violation of Section 703(a)(1) of Title VII, 42
U.S.C. §2000e-2(a)(1).  Ms. Khan is Muslim.  In accordance with her religious beliefs, Ms. Khan
wears a hijab in public and when she is in the presence of men who are not members of her
immediate family.  Defendants hired Ms. Khan to work as an Impact Associate at Hillsdale Mall
in San Mateo, California, on October 5, 2009.  Ms. Khan was wearing a religious head scarf
called a hijab when she was interviewed and hired.  Ms. Khan worked for Defendants without
incident, wearing her hijab, from October 2009 until February 2010.  On or about February 11,
2010, Defendants' District Manager, Adam Chmielewski, observed Ms. Khan wearing a hijab in
the store.  On or about February 15, 2010, at Mr. Chmielewski's request, Ms. Khan explained
that she believes that her religion, Islam, requires her to wear the hijab while in public.  Ms.
Chmielewski suspended Ms. Khan that same day. Mr. Chmielewski consulted with corporate
Human Resources Director, Amy Yoakum and they determined collectively that Ms. Khan could
not continue working for Defendants while wearing a hijab because to do so violated Defendants
grooming policy known as the "Look Policy."  Thereafter, Defendants fired Ms. Khan effective
February 23, 2010. These actions constitute discrimination against Ms. Khan on the basis of
religion.

12.    The effect of the practices complained of in paragraph 11 above has been to deprive Ms. Khan of equal employment opportunities and otherwise to adversely affect her status as an employee because of her religion, Islam.

13.    The unlawful employment practices complained of in paragraph 11 above were and are intentional.

14.    The unlawful employment practices complained of in paragraph 11 above were and are committed with malice and/or reckless disregard for the federally protected rights of Ms. Khan.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, Abercrombie & Fitch and Hollister, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of religion.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for their employees of all religions and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to make whole Ms. Khan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial.

D.    Order Defendants to make whole Ms. Khan by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

E.    Order Defendants to pay Ms. Khan punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper.

1  G.   Award the Commission its costs in this action.

2  JURY TRIAL DEMAND

3  The Commission requests a jury trial on all questions of fact raised by its complaint.

4  P. DAVID LOPEZ
5  GENERAL COUNSEL

6  JAMES L. LEE
7  DEPUTY GENERAL COUNSEL

8  GWENDOLYN YOUNG REAMS
9  ASSOCIATE GENERAL COUNSEL

10  EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
11  1801 L Street, N.W.
   Washington, DC  20507
12

13  Dated:   June 25, 2011            /S/ William R. Tamayo
14  WILLIAM R. TAMAYO
   Regional Attorney

15
16  Dated:  6/27/11            Jonathan T. Peck
17  JONATHAN T. PECK
   Supervisory Trial Attorney

18
19  Dated:  6/27/11
20  MARCIA L. MITCHELL
   Senior Trial Attorney

21
22  EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
23  San Francisco District Office

24
25
26
27
28

Complaint                          - 6