*(Counsel Listed on Next Page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and<br><br>UMME-HANI KHAN,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>ABERCROMBIE & FITCH STORES, INC. d/b/a HOLLISTER CO., HOLLISTER CO. CALIFORNIA, LLC,<br><br>Defendants. | Case No.: CV 11-3162 YGR<br><br>**SECOND JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

William R. Tamayo, SBN 084965 (CA)
Jonathan T. Peck, SBN 12303 (VA)
Marcia L. Mitchell, SBN 18122 (WA)
Sirithon Thanasombat, SBN 270201 (CA)
U.S. EEOC, San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov
Attorneys for Plaintiff EEOC

Zahra Billoo, State Bar No. 267634
COUNCIL ON AMERICAN-ISLAMIC RELATIONS (CAIR)
3000 Scott Blvd., Suite 101
Santa Clara, CA 95054
Telephone: (408) 986-9874
Facsimile: (408) 986-9875
Email: zbilloo@cair.com

Christopher Ho, State Bar No. 129845
Araceli Martínez-Olguín, State Bar No. 235651
The LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
Email: cho@las-elc.org, araceli@las-elc.org
Attorneys for Plaintiff-Intervenor
UMME-HANI KHAN

Douglas E. Dexter, SBN 115868
Amarra A. Lee, SBN 245679
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: ddexter@fbm.com , alee@fbm.com

Mark A. Knueve (Ohio Bar No. 0067074) Admitted Pro Hac Vice
Daniel J. Clark (Ohio Bar No. 0075125) Admitted Pro Hac Vice
Samantha A. Stilp (Ohio Bar No. 0086907) Admitted Pro Hac Vice
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6387
Facsimile: (614) 719-4808
E-mail: maknueve@vorys.com , djclark@vorys.com, sastilp@vorys.com
Attorneys for Defendants
ABERCROMBIE & FITCH STORES, INC., HOLLISTER CO.

Pursuant to this Court's January 18, 2012 Reassignment Order, Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"), Plaintiff-Intervenor UMME-HANI KHAN ("KHAN"), and Defendants ABERCROMBIE & FITCH STORES, INC. dba HOLLISTER CO. ("A&F") and HOLLISTER CO. CALIFORNIA, LLC ("HOLLISTER") submit this Second Joint Case Management Conference Statement, which addresses Sections B and C of the Reassignment Order.

I.  **Date case was filed:**   This case was filed on June 27, 2011.

II. **List or description of all parties:**

Plaintiff U.S. Equal Employment Opportunity Commission;
Plaintiff-Intervenor Umme-Hani Khan;
Defendant Abercrombie & Fitch Stores, Inc. dba Hollister Co. ("A&F"); and
Defendant Hollister Co. California, LLC ("HOLLISTER")

III. **List of all current deadlines, including those for dispositive motions, pretrial conferences, discovery cutoff (both fact and expert) and trial date:**

| Discovery/Trial Schedule | Date |
|---|---|
| Case Management Conference | May 7, 2012, 2:00 p.m. |
| Settlement Conference with Magistrate Judge Jacqueline Scott Corley | April 3, 2012, 9:30 a.m. |
| Fact Discovery cut-off | August 1, 2012 |
| Expert Disclosures<br>    Opening:<br>    Rebuttal: | <br>September 17, 2012<br>October 5, 2012* |
| Expert discovery cut-off | February 8, 2013 |
| Dispositive motions to be heard by | July 9, 2013 |
| Pretrial Statements | December 20, 2013 |

---

\*    Though Judge Hamilton did not order a date for the disclosure of rebuttal experts, the parties stipulated to a November 12, 2012 and that date was submitted to Judge Hamilton as part of our previous Joint Case Management Statement.

Second Joint Case Management Conference Statement
4:11-cv-03162-YGR

| Pretrial Conference | January 3, 2014, 9:00 a.m. |
|---|---|
| Trial (by jury) begins | January 13, 2014, 8:30 a.m. |

### IV. List of all pending motions and status of briefing:

There are no motions presently pending.  The Parties may file discovery motions, if necessary. The Parties may move for summary judgment at the close of discovery.

### V. Brief description of the event underlying the action:

Plaintiff, EEOC, has brought this action on behalf of Umme-Hani Khan, who subsequently intervened as an independent party.  Ms. Khan alleges that she is a practicing Muslim and has been an adherent of Islam since birth.  She alleges that, in accordance with her religious beliefs, she wears a headscarf covering her hair, ears, neck and part of her chest – a hijab – when she is in public and when she is in the presence of men who are not members of her immediate family.  Defendants hired Ms. Khan to work as an Impact Associate at Hillsdale Mall in San Mateo, California on October 5, 2009.  Ms. Khan worked for Defendants from October 5, 2009 until February 15, 2010.  Ms. Khan alleges that she was suspended from February 15, 2010 through February 22, 2010, when her employment was terminated.  Defendants allege that she was subsequently offered full and unconditional reinstatement by Defendants on March 5, 2010.

On March 2, 2010, Ms. Khan filed a Charge of Discrimination with the EEOC alleging that Defendants had discriminated against her on the basis of her religion.  The Complaint and Complaint in Intervention stem from the allegations of discrimination and the underlying charge.  Ms. Khan has exhausted her administrative remedies.

The principal facts in dispute relate to whether it would have posed an undue hardship on Defendants for Ms. Khan to wear a hijab while working as an Impact Associate.  The parties

Second Joint Case Management Conference Statement
4:11-cv-03162-YGR

also dispute the amount of monetary relief to which Ms. Khan is entitled and whether there is a basis for injunctive relief.

## VI. **Summary of all claims, counterclaims, cross claims, third party claims:**

The EEOC filed this civil action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff-Intervenor intervened in the action alleging violations of Title VII and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940.

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of religion. The term religion includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). Once a plaintiff proves that an employee has a sincerely held religious belief that has come into conflict with an employer's policies, the defendant has the burden of proving that it initiated good faith efforts to accommodate the employee's religious practices unless providing the accommodation would create an undue hardship. 42 U.S.C. § 2000e(j); EEOC Guidelines, 29 C.F.R. § 1605.2(b). FEHA similarly requires that employers make reasonable accommodations for their employees' religious beliefs that are associated with traditional religions, as well as religious "observances and practices." See Cal. Gov't Code § 12940. "The analysis of a religious discrimination claim is the same under FEHA and Title VII." *Madsen v. Associated Chino Teachers*, 317 F. Supp. 2d 1175, 1180 (C.D. Cal. 2004).

Plaintiff and Plaintiff-Intervenor claim that Defendants discriminated against Ms. Khan because of her religion, Islam, by failing to accommodate her religious belief that she needed to wear a headscarf at work, by suspending her and subsequently terminating her employment because she wears a hijab and could not and would not remove her hijab at work.

Plaintiff and Plaintiff-Intervenor allege that Ms. Khan is entitled to make whole relief, compensation for past and future pecuniary losses, compensation for emotional pain and

distress and punitive damages pursuant to Title VII, 42 U.S.C. § 2000e-5, the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3)(D) and FEHA, Cal. Gov't Code § 12940.

Plaintiff and Plaintiff-Intervenor claim that they are entitled to injunctive relief.

Defendants deny Plaintiff's and Plaintiff-Intervenor's allegations, and among other things assert that accommodating Ms. Khan would have caused an undue hardship on its business operations. Defendants deny that Plaintiff and/or Plaintiff-Intervenor are entitled to monetary and/or injunctive relief.

**VII. List and description of relief sought and damages claimed with an explanation as to how damages are computed:**

Plaintiff and Plaintiff-Intervenor have both requested the following relief:

a. A permanent injunction against Defendants in order to bring Defendants in compliance with Title VII and FEHA.

b. An order causing Defendants to institute and carry out policies and programs that provide equal employment opportunities for its employees.

c. An order causing Defendants to make whole Ms. Khan for pecuniary and non-pecuniary losses, including but not limited to wages, salary, employment benefits, and other compensation denied or lost due to Defendants' unlawful actions and compensatory damages for emotional pain and suffering.

d. An order causing Defendant to pay Ms. Khan punitive damages.

e. Any further relief that the Court deems necessary and proper.

f. An award to the EEOC and to Plaintiff-Intervenor for their respective costs in this action.

In addition to the above, Plaintiff-Intervenor seeks an award of attorneys' fees.

Defendants deny that the Plaintiff and/or Plaintiff-Intervenor are entitled to the above relief or to any relief whatsoever.

**VIII.    Status of discovery:**

On December 2, 2011, Defendants served on Plaintiff EEOC a set of Interrogatories and Requests for Production of Documents.  On the same day, Defendants served Plaintiff-Intervenor with a set of Interrogatories, Requests for Production of Documents and Requests for Admission.  On December 6, 2011, Plaintiff-Intervenor served Defendants with Interrogatories and Requests for Production of Documents.  The Parties conferred and agreed to extend the deadline for responses to January 9, 2012.  All parties timely served their responses.

As captured in the minutes of the November 17, 2011 Case Management Conference held by Judge Hamilton, before the settlement conference with Magistrate Judge Corley, presently set for April 3, 2012, Plaintiff-Intervenor will depose four of Defendants employees and Defendants will depose Plaintiff-Intervenor.

**IX.    Procedural history of the case including a list of previous motions decided, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge, including the purpose of the reference:**

This case is in its early stages, the parties having served responses to the first set of discovery requests on January 9, 2012.  The only motion filed in this action to date was Plaintiff-Intervenor's Motion to Intervene, which was granted.  A settlement conference with Magistrate Judge Corely is scheduled for April 3, 2012.

**X.    If there is an immediate need for a case management conference to be scheduled in this action:**

The Parties have not identified any need for a case management conference.

Second Joint Case Management Conference Statement
4:11-cv-03162-YGR

In response to Section C of the Reassignment Order, the Parties state that this case was initially assigned to a magistrate judge, however, not all parties consented to proceed before a Magistrate Judge.

Dated:  January 24, 2012                          //s//Marcia L. Mitchell_____
                                                  MARCIA L. MITCHELL
                                                  Attorney for Plaintiff EEOC

Dated:  January 24, 2012                          //s// Araceli Martínez-Olguín_____
                                                  ARACELI MARTÍNEZ-OLGUÍN
                                                  Attorney for Plaintiff-Intervenor KHAN

Dated:  January 24, 2012                          //s// Daniel J. Clark_____
                                                  DANIEL J. CLARK
                                                  Attorney for Defendants