

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA  94105
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Francisco Status Line:  (866) 408-8075
TTY (415) 625-5610
FAX (415) 625-5609

Sender's Direct Line: (415) 625-5651
Marcia.Mitchell@eeoc.gov

January 30, 2013

The Honorable Yvonne Gonzalez Rogers
U.S. District Court, Northern District of California
1301 Clay Street, 2nd Floor
Oakland, CA 94612

Re: *EEOC and Khan v. Abercrombie & Fitch Stores, Inc., et al.,* No. CV 11-3162 YGR
(Request for Pre-Filing Conference)

Dear Judge Gonzalez Rogers:

Pursuant to § 9(a) of the Court's Standing Order in Civil Cases, Plaintiff EEOC and Plaintiff-Intervenor Umme-Hani Khan ("Plaintiffs") request a pre-filing conference to obtain permission to file a motion for partial summary judgment.  Plaintiffs filed this action alleging that Defendants Abercrombie & Fitch, et al., violated federal and state anti-discrimination laws by failing to accommodate Ms. Khan's sincere religious belief that she must wear a hijab, or religious headscarf, and by suspending and then firing her after four months of successful performance as an employee in Defendants' stockroom.  Plaintiffs wish to file a motion for partial summary judgment under Fed. R. Civ. Proc. 56(a) on the matters set forth below, and therefore request a pre-filing conference on either February 15 or 22 at 2:00 p.m.

1. **Ms. Khan Informed Defendants of Her Need to Wear Her Hijab, and Defendants Terminated Her Because She Refused to Remove It.**

To make out a prima facie case of religious discrimination under Title VII, a plaintiff must show that (1) she had a sincerely held religious belief, which conflicted with an employment duty; (2) she informed the employer of the belief and conflict; and (3) the employer took an adverse action, including discharge, because of her inability to fulfill the job requirements.  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).  The elements of the prima facie case under the California Fair Employment and Housing Act ("FEHA") are similar.  *FEHC v. Gemini Aluminum Corp.*, 22 Cal.App.4th 1004, 1011 (2004).

Summary judgment on Plaintiff's prima facie case is appropriate.  It is undisputed that when she worked for Defendants, Ms. Khan believed that Islam required her to wear a hijab while at work.  (Khan Depo., 48:17-20, 50:18-24)  It is also undisputed that when Defendants' Senior Human Resource Manager, Amy Yoakum, asked Ms. Khan to remove her hijab at work, Ms. Khan informed her that doing so would violate her religious belief.  (Yoakum Depo., 63:7-64:18.)  When Ms Khan refused to remove it at work, Ms. Yoakum suspended and subsequently fired her.  (*Id.*, 64:14-25.)

2. **Defendants Cannot Sustain Their Burden to Prove That They Engaged in a Good Faith Interactive Process with Ms. Khan to Determine If an Accommodation Was Possible.**

The employer may rebut the plaintiff's prima facie case by proving that "it initiated good faith efforts to accommodate the employee's religious practices." *Heller*, 8 F.3d at 1438; *Gemini Aluminum*, 22 Cal.App.4th at 1011.  Defendants' managers admit that they made no attempt to engage in a dialogue with Ms. Khan to see if her religious belief could have been accommodated.  Ms. Yoakum simply asked

Ms. Khan whether she could remove her hijab, suspended her after learning that she could not, and then shortly thereafter fired her. (Yoakum Depo., 63:7-64:25.) The only "accommodation" offered Ms. Khan was removal of the hijab. (*Id.*, 96:16-97:16.) A proposed accommodation is not reasonable if it does not eliminate the conflict between the religious belief and employment policies. *EEOC v. Alamo Rent-A-Car LLC*, 432 F.Supp.23 1006, 1013-1014 (D. Ariz. 2006). Summary judgment on this element of Defendants' affirmative defense is also warranted.

### 3. Defendants Cannot Sustain Their Burden to Prove That Accommodating Ms. Khan's Hijab Would Have Been an Undue Hardship.

An employer may also rebut the plaintiff's prima facie case by proving that it could not have accommodated the employee without "undue hardship." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977); *Gemini Aluminum*, 22 Cal.App.4th at 1011. For Title VII purposes, an accommodation causes "undue hardship" when it results in more than a de minimis cost to the employer. *Hardison*, 432 U.S. at 84. The Ninth Circuit is skeptical of hardship claims that are speculative in nature. *See Opuku-Boateng v. Calif.*, 95 F.3d 1461, 1467 (9th Cir. 1996) (rejecting claims of undue hardship based *inter alia* on "hypothetical" morale problems due to observance of the Sabbath); *Alamo Rent-A-Car*, 432 F.Supp.2d at 1012-13 ("[a] claim of undue hardship [based upon an employee's request to wear a hijab] cannot be supported by merely conceivable or hypothetical hardships; instead, it must be supported by proof of 'actual imposition on co-workers or disruption of the work routine.'") (citations omitted). Under the FEHA, "undue hardship" is defined as "requiring significant difficulty or expense," taking into account enumerated factors including the nature and cost of the accommodation, the size of the employer and its overall financial resources, and the nature of the business's operations and its workforce. *See* Cal. Gov't Code § 12926(t) (formerly § 12926(s)); *see also Ross v. RagingWire Commc'ns, Inc.*, 42 Cal.4th 920, 938 (2008) (Kennard, J., concurring and dissenting).

Defendants cannot prove that accommodating Ms. Khan's hijab would have caused them any "undue hardship." Indeed, Defendants have effectively conceded that there is no objective basis for any claim that allowing Ms. Khan to wear her hijab would have resulted in any expense to them, de minimis or otherwise. None of Defendants' witnesses was able to point to any evidence that deviations from their "Look Policy," such as permitting employees in Ms. Khan's former position to wear hijabs,[1] have any impact on Defendants' sales or profitability.[2] Rather, they advance only conjecture, speculation, and their own subjective beliefs regarding the impact of wearing hijabs on Defendants' brands.[3] Indeed, Defendants have

---

[1] Deposition of Deon Riley, Group Vice President of Human Resources for Stores, at 170:8-16 (testifying that since December 2008, roughly ten employees in Ms. Khan's former position had been allowed to wear hijabs), 189:22-190:7 (testifying that she was unaware of any studies indicating that allowing employees to wear hijabs would have a measurable impact on the Abercrombie brand).

[2] Deposition of Jessica Passalacqua, Senior Director of Stores, at 96:16-23 (testifying that she was unaware of any studies to determine whether deviations from Look Policy result in lower sales, or of any consideration being given to undertaking such a study), 191:22-192:22 (conceding absence of empirical basis for her belief that allowing employees to wear hijabs weakens sales); Yoakum Depo. at 260:20-261:19 (admitting no personal knowledge of studies to determine financial impact of deviations); Riley Depo. at 189:17-21 (conceding no knowledge of customer confusion or negative customer views); Yoakum Depo 291:5-12 (indicating that she is unaware of any data correlating Look Policy compliance with positive or negative perception of the brand); Deposition of James Roth, Director of Stores, 188:19-23 (same); Deposition of Christopher Fugarino, Senior Human Resources Manager, at 303:25-304:11; 305:15-306:8 (testifying that a number of things can cause low sales and that belief that the Look Policy violations contribute to low sales is based on conjecture).

[3] Passalacqua Depo. at 93:19-96:15, 136:20-137:24 (testifying that apart from seeing "screaming girls" at store openings and seeing what customers wear in the stores, she was unaware of any empirical basis for the belief that deviations from Look Policy have any negative impact on profitability); Fugarino

changed their practices to allow their employees to wear hijabs for religious reasons,[4] and requests for accommodations to permit the wearing of hijabs are now routinely granted.[5]

### 4. Defendants' Second, Fifth, and Sixth Affirmative Defenses Must Fail.

Plaintiffs exhausted their administrative remedies, and the complaints were filed within the statutes of limitations. Moreover, Defendants have failed to plead their affirmative defenses of waiver, estoppel, unclean hands, preemption and laches with specificity, as required. *See Simmons v. Navajo Cnty., Ariz.*, 609 F .3d 1011, 1023 (9th Cir.2010) (stating that affirmative defenses must be pleaded with enough specificity or factual particularity to give plaintiff "fair notice" of the defense being advanced); *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (disallowing affirmative defenses of waiver, estoppel, and unclean hands where facts justifying those doctrines not alleged); s*ee also Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2010) (following "the vast majority of courts" that have applied *Twombly/Iqbal* pleading standards to affirmative defenses).

Defendants also argue that Plaintiffs' claims infringe on Defendants' right to commercial free speech. Although the courts subject First Amendment claims to differing levels of scrutiny, the government's compelling interest in eradicating discrimination survives even strict scrutiny; that is, the statutory mandate is valid if it is narrowly tailored to serve a compelling governmental interest. *Pacific Gas and Elec. Co. v. Pub. Utils. Comm'n of Calif*, 475 U.S. 1 (1986). Title VII targets the elimination of all forms of discrimination, a "highest priority" of the government. *EEOC v. Fremont Christian School*, 781 F.2d 1362, 1368-69 (9th Cir. 1986); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). By requiring employers to provide accommodations only in those circumstances where they would not suffer undue hardship, Congress has narrowly tailored the statute to satisfy the government's interest. Accordingly, the strict scrutiny test is met.

Plaintiffs will seek leave to file separate, non-overlapping motions concerning the above matters, pursuant to § 9(b) of the Court's Standing Order, in order that Plaintiffs' Title VII and FEHA claims may both be adequately addressed.

Respectfully submitted,

_____   _____ for
Marcia L. Mitchell   Christopher Ho
Counsel for Plaintiff U.S. EQUAL EMPLOYMENT   Counsel for Plaintiff-Intervenor
  OPPORTUNITY COMMISSION   UMME-HANI KHAN

cc:   Mark Knueve, Counsel for Defendants

---

Depo. at 242:11-243:11 (conceding that there is no empirical basis for opinion that deviations from the Look Policy damage the brand, save once observing a customer respond negatively to a Look Policy violation).

[4]   Passalacqua Depo. at 193:19-194:9; Fugarino Depo. at 260:7-17.

[5]   Fugarino Depo. at 273:24-276:12 (testifying to several instances where requests for accommodations to wear hijab were granted).