

Vorys, Sater, Seymour and Pease LLP
Legal Counsel

52 East Gay St.
PO Box 1008
Columbus, Ohio 43216-1008
614.464.6400 | www.vorys.com
Founded 1909

Mark A. Knueve
Direct Dial (614) 464-6387
Direct Fax (614) 719-4808
Email maknueve@vorys.com

February 4, 2013

The Honorable Yvonne Gonzalez Rogers
U.S. District Court, Northern District of California
1301 Clay Street, 2nd Floor
Oakland, CA 94612

      Re: *EEOC, et al. v. Abercrombie & Fitch Stores, Inc., et al.*, No. CV 11-3162 YGR **(Response to Plaintiffs' Request for Pre-Filing Conference)**

Dear Judge Gonzalez Rogers:

      Pursuant to Section 9(a) of the Court's Standing Order in Civil Cases, Defendants Abercrombie & Fitch Stores, Inc. d/b/a Hollister Co. and Hollister Co. California, LLC (collectively, "Abercrombie" or "Defendants"), respond to Plaintiff Equal Employment Opportunity Commission ("EEOC") and Intervenor Plaintiff Umme-Hani Khan's ("Khan") (collectively, "Plaintiffs") Request for a Pre-Filing Conference that was filed with this Court on January 30, 2013. If Plaintiffs are permitted to file motion(s) for partial summary judgment, then Defendants will oppose the motions on the grounds discussed below.

## I.   Relevant Facts

      Abercrombie is a retailer of men's and women's casual clothing, and operates retail stores under a variety of brand names, including Hollister. Abercrombie does little to no advertising. Instead, Abercrombie relies on its in-store experience, including the look and feel of the store, and most importantly, the store associates, to market the brand. In order to ensure Abercrombie's brand identity is consistently portrayed, Abercrombie enforces a Look Policy that prohibits all forms of headwear, including headscarves, because headwear is distracting from the brand. The Look Policy is vital to Abercrombie's in-store experience and essential to the company's continued success. Thus, associates' compliance with the Look Policy is critical.

## II.   Plaintiffs Are Not Entitled to Summary Judgment on Abercrombie's Undue Hardship Affirmative Defense.

      The undue hardship threshold is "not a difficult threshold to pass." *Webb v. City of Philadelphia*, 562 F.3d 256, 260 (3d Cir. 2009). Employers are not required to prove undue hardship with specificity or exactitude. *Cook v. Chrysler*, 981 F.2d 336, 339 (8th Cir. 1992). In fact, an accommodation that squarely conflicts with an employer's business model is "more than sufficient to demonstrate undue hardship." *EEOC v. Rent-A-Center, Inc.*, No. 11-1170, 2013 U.S. Dist. LEXIS 7668, *16 (D.C. Jan. 18, 2013).

Here, Abercrombie's business model is centered on the in-store experience and the Look Policy. Associates are expected to wear clothing that is consistent with the Abercrombie brand, and no one is permitted to wear clothing that violates the Look Policy. Headscarves are inconsistent with the type of clothing Abercrombie sells and the Abercrombie brand. Indeed, the Look Policy prohibits all forms of headwear. Thus, permitting associates to wear headscarves conflicts with Defendants' business model and creates an undue hardship on Abercrombie's brand and business. *See EEOC v. Kelly Services, Inc.*, 598 F.3d 1022, 1029 (8th Cir. 2010) (undue hardship to allow exception to dress policy prohibiting head coverings); *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 135 (1st Cir. 2004) (granting exemption from dress policy would damage public image, resulting in undue hardship); *Webb*, 562 F.3d at 261-62 (permitting dress code violation amounts to undue hardship); *Daniels v. City of Arlington*, 246 F.3d 500, 506 (5th Cir. 2001) (same). Additionally, allowing exceptions to the Look Policy dilutes Abercrombie's ability to uniformly enforce the Look Policy and constitutes an undue burden. *See e.g., Cloutier*, 390 F.3d at 137.

The EEOC's argument that Abercrombie is essentially foreclosed from arguing undue hardship in any case because it has permitted associates to wear hijabs pursuant to an accommodation is not persuasive. First, it is well-settled that an employer's duty to accommodate is judged on a case by case basis, under the circumstances that exist as to each particular request for accommodation. *See Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1492 (10th Cir. 1989) (quoting *Tooley v. Martin-Marrietta Corp.*, 648 F.2d 1239, 1243 (9th Cir. 1981)) ("'[t]he *magnitude* as well as the *fact* of hardship must be determined by examination of the facts of each case'"). The fact that accommodations were made in one set of circumstances does not dictate that accommodations must be made in all sets of circumstances. *See Walker v. Alcoa, Inc.*, No. 4:06-CV-120-JVB, 2008 U.S. Dist. LEXIS 45684, *38 (N.D. Ind. Jun. 9, 2008).

Second, Plaintiffs' argument creates a disincentive for employers to grant any requests for accommodation out of fear that once granted in one case, the employer will be barred from asserting the existence of undue hardship in any other case. Punishing Defendants for making accommodations by using them to deprive Abercrombie of the ability to argue that the accommodation sought by Khan in this case constituted an undue hardship is contrary to Title VII policy and should not be permitted. *See Myers v. Hose*, 50 F.3d 278, 284 (4th Cir. 1995) (employer not required to extend to additional employees accommodations previously granted because such a requirement would "discourage employers from treating" employees seeking an accommodation "in a spirit that exceeds the mandates of federal law").

### III. Plaintiffs Have Failed to Exhaust Their Administrative Remedies.

As set forth in Defendants' request for a pre-filing conference, all of the conditions precedent to filing this lawsuit have not been met. The EEOC had a statutory obligation to conciliate this matter with good faith – which it failed to do. Consequently, this case should be dismissed or stayed for conciliation efforts to resume. *See e.g. EEOC v. High Speed Enter., Inc.*, No. CV-08-01789, 2010 U.S. Dist. LEXIS 111330, at *17 (D. Ariz. Sept. 30, 2010).


Legal Counsel

The Honorable Yvonne Gonzalez Rogers
February 4, 2013
Page 3

### IV. Plaintiffs Are Not Entitled to Summary Judgment on Abercrombie's Infringement of Commercial Free Speech Affirmative Defense.[1]

Commercial speech such as advertising is a protected form of speech under the First Amendment to the United States Constitution. *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 762 (1972). As explained above, Abercrombie does not engage in traditional print, TV, or radio advertising to communicate its brand image to consumers. Abercrombie utilizes the appearance of its employees to promote and advertise Abercrombie's style and brand image. This in-store advertising is protected by the First Amendment. In this case, Plaintiffs, through an application of Title VII, seek to compel Abercrombie to include in its in-store advertisements an employee wearing a hijab. Surely, a fashion retailer has the ability to select the type of fashion it wishes to advertise or not advertise. If Abercrombie's advertisement was done through a print advertisement, the government could not compel Abercrombie to include models wearing a fashion style that was inconsistent with the fashion style Abercrombie sold. *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258. The only distinction in this case is that rather than a print advertisement, Abercrombie's speech is conveyed through an in-person advertisement – the in-store experience.

A head scarf is inconsistent with Abercrombie's brand. Any style of dress that is inconsistent with Abercrombie's style of clothing detracts from Abercrombie's in-store experience, and thus from the way that Abercrombie promotes and advertises its products, by distracting from the intended message and confusing consumers. Compelling Abercrombie to advertise a fashion style that is inconsistent with its own style violates the First Amendment. *See Hurley v. Irish American Gay, Lesbian, and Bisexual Group*, 515 U.S. 557, 573 (the state "may not compel affirmance of a belief with which the speaker disagrees" or "would rather avoid").

### V. Scheduling a Pre-Filing Conference

Defendants have filed contemporaneously herewith their own request for a pre-filing conference. If the Court grants the Parties' requests for a pre-filing conference, then Defendants request that a single conference be held on February 22, 2013 to address both motions.

Very truly yours,

/s/ *Mark A. Knueve*

Mark A. Knueve

---

[1] Defendants hereby agree to withdraw their Second Affirmative Defense (statute of limitations) and their Fifth Affirmative Defense (waiver, estoppel, unclean hands, preemption and laches).