

**Vorys, Sater, Seymour and Pease** LLP
Legal Counsel

52 East Gay St.
PO Box 1008
Columbus, Ohio 43216-1008
614.464.6400 | www.vorys.com
Founded 1909

Mark A. Knueve
Direct Dial  (614) 464-6387
Direct Fax  (614) 719-4808
Email maknueve@vorys.com

February 4, 2013

The Honorable Yvonne Gonzalez Rogers
U.S. District Court, Northern District of California
1301 Clay Street, 2nd Floor
Oakland, CA  94612

      Re:    *EEOC and Khan v. Abercrombie & Fitch Stores, Inc., et al.*,
            No. CV 11-3162 YGR **(Request for Pre-Filing Conference)**

Dear Judge Gonzalez Rogers:

    Pursuant to Section 9(a) of the Court's Standing Order in Civil Cases, Defendants Abercrombie & Fitch Stores, Inc. d/b/a Hollister Co. and Hollister Co. California, LLC (collectively, "Abercrombie" or "Defendants"), request a pre-filing conference to obtain permission to file a motion for summary judgment pursuant to Fed. R. Civ. Proc. 56(c) on Plaintiff Equal Employment Opportunity Commission ("EEOC") and Intervenor Plaintiff Umme-Hani Khan's ("Khan") (collectively, "Plaintiffs") claims.  As will be further explained below, the EEOC failed to fulfill all conditions precedent to initiating this lawsuit because it did not conciliate Khan's administrative charge of discrimination in good faith.  Additionally, Plaintiffs are not entitled to the injunctive relief or punitive damages that they seek.  Accordingly, Defendants respectfully request a pre-filing conference on February 22, 2013, at 2:00 p.m. — which is one of the dates Plaintiffs have requested for their pre-filing conference.  If the Court grants the Parties' requests for a pre-filing conference, then Defendants request that a single conference be held on the same day with respect to both motions.

**I.    Relevant Facts**

    Abercrombie is a retailer of men's and women's casual clothing, and operates retail stores under a variety of brand names, including Hollister.  Abercrombie does little to no advertising.  Instead, Abercrombie relies on its in-store experience, including the look and feel of the store, and most importantly, the store associates, to market the brand.  In order to ensure Abercrombie's brand identity is consistently portrayed, Abercrombie enforces a Look Policy that prohibits all forms of headwear, including headscarves, because headwear is distracting from the brand.

    Abercrombie hired Khan on October 5, 2009.  Khan alleges that she is Muslim and wears a headscarf which covers her hair, ears, neck, and part of her chest.  In early 2010, District Manager Adam Chmielewski noticed that Khan was not in compliance with the Look Policy.  Mr. Chmielewski contacted Amy Yoakum, Senior Manager Human Resources, for guidance on how to address the situation.  After discussing the situation with Mr. Chmielewski and Khan, Ms. Yoakum made the decision to terminate Khan's employment on February 22, 2010.  Shortly



The Honorable Yvonne Gonzalez Rogers
February 4, 2013
Page 2

thereafter, Abercrombie's Vice President of Stores Human Resources learned of Khan's termination and overruled Ms. Yoakum's decision. As a result, on March 5, 2010, Abercrombie offered Khan <u>unconditional</u> reinstatement, and expressly informed Khan that she could wear her headscarf to work. Khan declined this offer and continued to pursue her charge of discrimination with the EEOC.

During the EEOC's investigation of Khan's complaint, it repeatedly curried favor with the Council on American-Islamic Relations, California ("CAIR") who represented Khan. For example, the EEOC provided updates to CAIR, agreed to provide CAIR with blind carbon copies of its letters to Abercrombie, and gave CAIR advanced notice that it would be issuing a for cause determination against the company. Additionally, during the conciliation process, the EEOC adopted all of CAIR's settlement demands as its own, including an overly broad injunction which would automatically entitle any employee to wear any type of hijab. Abercrombie told CAIR and the EEOC that it did not believe that the proposed injunction was appropriate but said that the company was still interested in returning Khan to work and resolving the matter. In response, the EEOC abruptly ended the conciliation process.

After the incident involving Khan, Abercrombie permitted numerous associates to wear hijabs pursuant to an accommodation. Abercrombie also added language to its handbook to address requests for religious accommodations and provided training to all District and Store Managers relating to religious accommodations and specifically, accommodating hijabs.

## II. The EEOC Failed to Conciliate This Matter in Good Faith.

The EEOC has a statutory obligation under Title VII to attempt conciliation with defendants prior to filing suit: "[T]he Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). The EEOC may bring a civil action only if "the Commission has been unable to secure from the respondent a conciliation agreement." *Id.* at § 2000e-5(f)(1). Accordingly, "[a] showing of a good faith effort at conciliation is a prerequisite to suit by the EEOC." *EEOC v. High Speed Enter., Inc.*, No. CV-08-01789, 2010 U.S. Dist. LEXIS 111330, at *4-5 (D. Ariz. Sept. 30, 2010).

In this case, the EEOC failed to conciliate in good faith as evidenced by: (1) its inappropriate communications to CAIR; (2) its coercive all-or-nothing approach regarding CAIR's settlement demands; and (3) its abrupt withdrawal from conciliation discussions while Abercrombie was still willing to negotiate. Because the EEOC failed to conciliate this matter in good faith, dismissal is appropriate. *See e.g. High Speed Enter., Inc.* 2010 U.S. Dist. LEXIS 111330, at *4-5 ("if the EEOC fails to conciliate in good faith prior to filing suit, the court may stay the proceedings to allow for conciliation or dismiss the case"); *EEOC v. Agro Distribs., LLC*, 442 F. Supp. 2d 357, 469 (S.D. Miss. 2006) (same); *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259-61 (11th Cir. 2003) (same); *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982).


Legal Counsel

The Honorable Yvonne Gonzalez Rogers
February 4, 2013
Page 3

### III. **Plaintiffs Are Not Entitled to Injunctive Relief.**

Plaintiffs' claims for injunctive relief should be denied as a matter of law. First, there is no basis for injunctive relief because Abercrombie already offered Khan unconditional reinstatement, which she declined. As a result, there is no need for injunctive relief related to Khan. Second, nationwide injunctive relief which would automatically entitle any person to wear any type of hijab while working at Abercrombie is beyond the scope of this controversy. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1074) (actions for injunctive relief must be limited in scope to meet the "case and controversy" requirements of Article III of the Constitution). Moreover, such broad relief is unwarranted since Abercrombie has already: (1) reevaluated its accommodation policies; (2) provided training to management on religious accommodations, including wearing hijabs; (3) created policies which instruct employees on how to respond to requests for accommodations; and (4) made religious accommodations for numerous associates to wear hijabs. In short, there is no likelihood of future injury. *See L.A. v. Lyons*, 461 U.S. 95, 105 (1983) (standing to seek injunctive relief depends on likelihood of future injury); *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 91 L. Ed. 1303 (1953) (same). Indeed, in July 2011, the Northern District of Oklahoma denied the EEOC's request for similar injunctive relief, finding in Case No. 09-cv-602 that Abercrombie's existing polices eliminate the likelihood of future injury.

### IV. **Plaintiffs Are Not Entitled to Punitive Damages.**

Similarly, punitive damages are not appropriate in this case because Plaintiffs cannot show that Abercrombie acted with malice or reckless indifference to Khan's federally protected rights. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534-35 (1999). Rather, Defendants' offer of unconditional reinstatement conclusively demonstrates that Plaintiffs' claim for punitive damages fails as a matter of law. *See e.g. Kirbyson v. Tesoro Ref. & Mktg. Co.*, 795 F. Supp.2d 930, 947-48 (N.D. Cal. 2011) (granting summary judgment where there was no evidence that defendant acted with malice or reckless indifference).

For these reasons, Defendants respectfully requests a pre-filing conference on February 22, 2013, to obtain permission to file a motion for summary judgment on these issues.

Very truly yours,

/s/ *Mark A. Knueve*

Mark A. Knueve